GREEN, J.
delivered the opinion of the court.
• This bill is brought to enforce the specific execution of an agreement for the purchase of a tract of land sold by the sheriff of Warren county for taxes, and which the complainant alleges he purchased at said sale.
The bill alleges, that notwithstanding said purchase by the complainant, the said sheriff returned on the order of sale, that J. W. Ford and D. Mercer were the purchasers; and said sheriff has made a deed .to them, and they have conveyed to the defendant, Little.
Complainant has paid nothing for said land, because the sheriff agreed that he might buy without paying the money, and that he would call on complainant in a feW days for it.
The sheriff, Webb, denies that complainant bid off the land. He states that the complainant asked, if he should buy at the. sale, whether the defendant would wait with him for the money ; to which defendant replied, that if he got it in a few days, it would answer him. But, defendant states, he did not intend to credit the complainant, and did not strike off the land to him, but to the defendants, Ford & Mercer, as he was by them, authorized to do.
Ford & Mercer, answer separately, that they know nothing of any bid by the complainant, or of any understand-, ing between him, and the sheriff, Webb, as is set forth in the *500 bill. Webb was authorized by them, to strike off the land to them for,the amount of the taxes and costs, due on each tract; and he returned the order of sale, with an endorsement, that the land in question had been sold to them.
They paid the amount of the bill to the sheriff, and took a deed from him, and they conveyed to Little,.
The defendant, Little, failed to answer, and the bill was taken pro confesso, as to him.
Several witnesses prove the statement in the complainant’s bill, that he bid off the land, and two of them (Scales and Henry Hennessee,) prove that the sheriff agreed to wait with the complainant for the sum bid, and to call on him for it. But the witnesses, Scales, and Henry. Hennessee, are discredited by the testimony of many witnesses; and disregarding the proof made by them, there is not evidence in this record to overturn the answer of the sheriff, Webb. Add to this, that the complainant never paid, or offered to pay anything until the time of redemption had run out, and that for so long a period he permitted his pretended right, by virtue of his bid, to slumber, without any attempt to set it up, and'enforce it; we think now, when the title has gone into other hands, by whom the taxes and costs have been paid, it is too late for the complainant to come into the court, with his doubtful stale claim.
But it is said, that as the bill has been taken for confessed, as to Little, that the complainant is entitled to a 'decree against him, although he may be repelled as to the other defendants who have answered.
We think, that where a joint defendant answers a bill, and by proof removes the matter of equity set up against himself and the other defendants, who do not answer, there can be no decree against the defendant so failing to answer, 10 Joh. R. 525;
*501 The rule -would be different, if the bill were to allege a distinct matter of equity against the party failing to appear.
Affirm the decree, dismissing the bill with costs.